IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LONNIE GENE MASSEY, # L1067**                                                              **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 3:15CV189-HTW-LRA**

**JOHN H. EMFINGER and RICK MCCARTY**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court *sua sponte*. *Pro se* plaintiff Lonnie Gene Massey is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action for damages, challenging the revocation of 60 days of his earned time credits. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

Massey was convicted in the Circuit Court of Madison County, Mississippi of possession of a firearm by a convicted felon and aggravated assault. Massey alleges that, after his convictions, he filed motions in his two criminal cases. Defendant Judge John H. Emfinger denied the motions as frivolous and sanctioned Massey with the loss of 60 days worth of earned time credits. MDOC complied with that sanction. Massey claims he has appealed the matter to the Mississippi Court of Appeals, and his appeal remains pending in *Massey v. State*, cause number 2014-CP-139.

Massey sues Judge Emfinger and former MDOC Commissioner Rick McCarty for damages arising from the lost earned time on Massey's sentence.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court.  The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The court has permitted Massey to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Massey sues Defendants, alleging that they arbitrarily deprived him of his earned time credits.

A § 1983 claim that challenges the fact or duration of a State conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of

habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Massey claims that 60 days of his earned time credits were arbitrarily revoked. Although they were not revoked in a prison disciplinary proceeding, they were revoked by the State court as a sanction. Success on this claim would necessarily invalidate the length of Massey's confinement. Therefore, the claim may only proceed, if he proves the challenged revocation has already been invalidated. He admits that it has not been invalidated. Massey is currently challenging the revocation on appeal before the Mississippi Court of Appeals.

Because the revocation has not yet been invalidated, Massey is precluded by *Heck* from challenging it in this § 1983 civil action. This case is dismissed with prejudice for failure to state a claim, until such time as he successfully has the State revocation invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the case is **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the revocation of earned time credits is invalidated. This dismissal counts as a strike pursuant to Title 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of

Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2015.

                                                <u>s/ HENRY T, WINGATE</u>
                                                UNITED STATES DISTRICT JUDGE